## JOSEPH v. MONROE TRANSFER & WARE-HOUSE CO., Inc.

No. 4403.

Court of Appeal of Louisiana. Second Circuit.

June 5, 1933.

Jos. S. Guerriero, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

This suit arose out of a collision between an automobile and a truck at a point where Washington street intersects Fourteenth street in the city of Monroe. Plaintiff's son was traveling north on Fourteenth street in a Dodge automobile, and defendant's truck was traveling east on Washington street. Defendant was attempting to turn into Fourteenth street, going south, and plaintiff's son was attempting to turn into Washington street, going west. The collision occurred in the south end of the curve of Fourteenth into Washington.

Plaintiff instituted this suit for damages to his automobile and for personal injuries to his minor son, who was driving his car. The acts of negligence alleged are that defendant was speeding and on the wrong, or his left, side of the street. The defense set up is that the negligence of plaintiff in attempting to make the curve at an excessive rate of speed and in driving on his wrong, or left, side of the street was the proximate cause of the accident. It denies any negligence on the part of the driver of its truck.

The lower court found in favor of the defendant and rejected the demands of plaintiff. It found the collision occurred in the center of the street and the proximate cause of the accident to have been the combined negligence of both drivers. Plaintiff has prosecuted this appeal from that judgment.

The case involves only a question of fact, and the finding of the lower court will not be disturbed unless found to be manifestly erroneous.

Due to the peculiar location of the streets where Washington intersects Fourteenth, there was a very dangerous curve. A motorist traveling north on Fourteenth and turning west into Washington has to travel a curve about like a horseshoe, the same being true of one traveling east on Washington and turning south on Fourteenth. This is exactly what the car and truck were attempting to do. One was attempting to go the direction the other was coming from. The curve was made more dangerous due to its being a blind curve caused by a building being situated in the very point of the curve. It necessarily follows that extra precaution and care were required of any motorist attempting to make this curve.

The record clearly preponderates with testimony to the effect that defendant was traveling this curve at a rate of speed of at least fifteen miles per hour, and that plaintiff was traveling from twenty-five to thirty miles per hour, entirely too fast for either to have been traveling, and it was negligence on the part of both. It was impossible for either of them to have kept their side of the street at such a rate of speed, and neither was in a position to bring his car to a stop in an emergency which they were sure to cause by the excessive speed.

The lower court found the collision occurred in the center of the street and we agree with its finding. While the partisan witnesses for plaintiff testify that the accident occurred near the east side of Fourteenth street, and the partisan witnesses for defendant swear it occurred near the west side, the disinterested witnesses and the physical facts, we think, show the accident occurred in the center of the street and that there was sufficient room on either side for each to have passed had the car or truck been under proper control of its driver.

Plaintiff offered the testimony of a police officer of the city of Monroe, who was at the scene of the collision immediately after it occurred. He actually stepped the distance from the curb to the place of collision, and al-

though his testimony is somewhat confusing due to his confusion in directions, it is clear that the collision occurred in the center of the street. He was the only witness who gave the distance in specific measurements. He testified that it was eight paces from the east curb to the left wheel of plaintiff's car. He stated this on three different times during his testimony. He also said it was eight paces from the left wheel of plaintiff's car to the west curb, but after getting his directions clear in his mind, he stated it was eight paces to the east curb and that his paces were about one yard each, making a distance of twenty-four feet from the left wheel of plaintiff's car to the east curb of Fourteenth street. The street is forty feet wide. Therefore, under his testimony, the plaintiff was at least straddling the center of the street. This fact is also corroborated by other witnesses. It does not appear that the center of the street is marked, and although one might be mistaken as to where the exact center of the street is, when we use the measurements given by the police officer, we find approximately where the collision occurred. At the time of the collision there was a car parked on each side of the street, which would take up about ten feet of the forty feet, leaving thirty feet in the clear, and there is no reasonable excuse offered for a collision in the center of the street. The only reason for same is the negligence of both drivers in attempting to make the horseshoe curve at an excessive rate of speed and therefore not having their respective cars under proper control.

We have no law of comparative negligence in this state; but if we did it would be of no avail to either party in this case, for they were both guilty of the same kind of negligence and in the same degree.

We find no manifest error in the judgment of the lower court, and it is therefore affirmed, with costs.